IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAPHIS LAMPKINS, SR., | § | |
| | § | |
| Defendant Below, | § | No. 44, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 80001076DI (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 5, 2018
Decided: February 28, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

Having considered the notice to show cause and the appellant's response, the Court concludes that:

(1) On January 23, 2018, the appellant, Japhis Lampkins, Sr., filed a notice of appeal from a Superior Court order, dated and docketed on December 20, 2017, denying his motion for correction of sentence. Under Supreme Court Rule 6(a)(iv), a timely notice of appeal should have been filed on or before January 19, 2018. The Senior Court Clerk issued a notice directing Lampkins to show cause why this appeal should not be dismissed as untimely filed under Supreme Court Rule 6.

(2) In his response to the notice to show cause, Lampkins states that he mailed the notice of appeal on January 18, 2018, two days before the deadline.

Lampkins further states that he had difficulty preparing a response because he was unable to use the law library and his legal papers were confiscated due to disciplinary problems.

(3) Time is a jurisdictional requirement.[1] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[2] An appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4) The record does not reflect that Lampkins' failure to file a timely notice of appeal is attributable to court-related personnel. Prison personnel are not court-related personnel.[5] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. This appeal must be dismissed.

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] Supr. Ct. R. 10(a).
[3] *Smith v. State*, 47 A.3d 481, 486-87 (Del. 2012).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice